IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-332-11FL

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : |
| NICHOLAS OXENDINE | : |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, pursuant to the entry of Memorandum of Plea Agreement entered into by the defendant, Nicholas Oxendine, on April 14, 2010, the following property is hereby forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C)(as made applicable by 28 U.S.C. § 2461(c), to wit:

**Real Property** - All that lot or parcel of land, together with its buildings, improvements, fixtures, attachments, and easements, having the street address of 5708 Oakgrove Church Road, Philadephus Township, North Carolina 28360, located in Robeson County, and being more particularly described in a deed recorded in Book 1539, Pages 334-335 of the Robeson County Register of Deeds.  Being titled in the name of Nicholas Carl Oxendine.

**Currency:**

$250,000.00 in U.S. currency, an amount not currently in the possession of or its whereabouts known to the Government; and

**SUBSTITUTE PERSONAL PROPERTY:**

   a) State Employee=s Credit Union Account XXXX1259 in the names of Nicholas and Fannie Oxendine;
   b) State Employee's Credit Union Account XXX4438 in the names of Nicholas and Fannie Oxendine;
   c) 2005 Chevrolet Express Van, VIN: 1GCFG15X651174531, registered to Nicholas Oxendine;
   d) 2005 Hummer, VIN: 5GRGN23U25H114826, registered to Nicholas Oxendine;
   e) 2005 Chevrolet Express Van, VIN: 1GCFG15X451240736, registered to Nicholas Oxendine;
   f) 2004 Chrysler Crossfire, VIN: 1C3AN69L94X011439, registered to Nicholas Oxendine;
   g) 2006 Chevrolet Uplander, VIN: 1GBDV13L56D204779, registered to Nicholas Oxendine;
   h) 2005 Chevrolet Express Van, VIN: 1GCFG15X751189443, registered to Nicholas Oxendine.

WHEREAS, by virtue of said Memorandum of Plea Agreement, the United States is now entitled to possession of said property, pursuant to Fed. R. Crim. P. 32.2(b)(3);

It is hereby ORDERED, ADJUDGED and DECREED:

1. That based upon the Memorandum of Plea Agreement as to the defendant, Nicholas Oxendine, the United States is hereby authorized to seize the above-stated property, and it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n), as allowed by Fed. R. Crim. P. 32.2(b)(3). In accordance with Fed. R. Crim. P. 32.2(b)(3), this Order is now final as to the defendant, provided that the proceeds from the sale of the real property (which amount will not be deemed less than $100,000) will be credited toward the $250,000 forfeiture, as well as the proceeds of the sale of any of the substitute assets,

and an appropriate full or partial satisfaction of judgment filed. Further, should there be any surplus over and above the amount of $250,000, such shall be returned to the defendant.

    2.    That upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is directed to incorporate a reference to this Preliminary Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(3).

    3.    With regard to the personal property only, pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Order and of its intent to dispose of the property in such manner as the Attorney General or the Secretary of Treasury directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier.

    The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's claim and the relief sought.

4. That upon adjudication of all third party interests this Court will enter a Final Order of Forfeiture as required by Fed. R. Crim. P. 32.2(c).

5. That upon entry of this Preliminary Order of Forfeiture, the Clerk of Court is directed to enter judgment against that amount of currency forfeited, not in the possession of the Government or its whereabouts known, that is, $250,000.00, subject to the provisions of this Order.

SO ORDERED. This 19th day of July, 2010.

_____
LOUISE W. FLANAGAN
Chief United States District Judge